**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4577**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

CARLOS DAVID SORIANO-ENRIQUEZ,

            Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  James A. Beaty, Jr., Chief District Judge.  (1:07-cr-00136-JAB-4)

Submitted:  March 12, 2009          Decided:  March 16, 2009

Before MOTZ and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

J. Clark Fischer, RANDOLPH AND FISCHER, Winston-Salem, North Carolina, for Appellant. Randall Stuart Galyon, OFFICE OF THE UNITED STATES ATTORNEY, Angela Hewlet Miller, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carlos David Soriano-Enriquez appeals from his convictions for conspiracy to distribute methamphetamine and possession of a firearm in furtherance of a drug trafficking crime and his resulting 180-month sentence. On appeal, Soriano-Enriquez's attorney has filed an Anders[*] brief, concluding that there are no meritorious issues on appeal, but questioning whether Soriano-Enriquez's indictment was defective, plea was knowing and intelligent, and sentence was proper. Although informed of his right to do so, Soriano-Enriquez has not filed a pro se supplemental brief. We affirm.

Federal Rule of Criminal Procedure 7(c) requires an indictment to be "a plain, concise, and definite written statement of the essential facts constituting the offense charged." The subject indictment tracked the statutory language, cited the charging statute, and gave Soriano-Enriquez adequate notice of the crimes with which he was charged. Accordingly, the indictment was not defective. See Hamling v. United States, 418 U.S. 87, 117 (1974); United States v. Fogel, 901 F.2d 23, 25 (4th Cir. 1990).

Because Soriano-Enriquez did not move in the district court to withdraw his guilty plea, any challenge to the

---

[*] Anders v. California, 386 U.S. 738 (1967).

2

propriety of the Fed. R. Crim. P. 11 hearing is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 527 (4th Cir. 2002). Our review of the plea hearing transcript reveals that the district court conducted a thorough Rule 11 colloquy, ensuring that Soriano-Enriquez's plea was knowing and voluntary and that there was an independent factual basis for the plea. Fed. R. Crim. P. 11(b); United States v. DeFusco, 949 F.2d 114, 116-20 (4th Cir. 1991). Accordingly, we find no error in the district court's acceptance of Soriano-Enriquez's plea.

The district court sentenced Soriano-Enriquez to the statutory minimum on each count—120 months on the conspiracy charge and a 60-month consecutive sentence on the firearms charge. See 21 U.S.C. § 841(b)(1)(A) (2006) (ten-year minimum sentence for offenses involving 500 grams or more of a methamphetamine mixture); 18 U.S.C. § 924(c)(1) (2006) (five year minimum sentence on firearm charge). In the absence of a Government motion for a departure, the district court lacked authority to sentence Soriano-Enriquez below the statutory minimum. See United States v. Robinson, 404 F.3d 850, 862 (4th Cir. 2005). Accordingly, we conclude that the sentence was reasonable.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Soriano-Enriquez's convictions and sentence.

3

This court requires that counsel inform Soriano-Enriquez, in writing, of the right to petition the Supreme Court of the United States for further review. If Soriano-Enriquez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Soriano-Enriquez. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED